## UNITED STATES BANKRUPTCY COURT
### NORTHERN **DISTRICT OF** ILLINOIS
### EASTERN **DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| WINDY CITY KITCHEN INSTALLATIONS, I | § | Case No. 14-25957 |
| | § | |
| Debtor | § | |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/15/2014 .   The undersigned trustee was appointed on .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4.  The trustee realized gross receipts of | $ | 50,000.00 |
| | | |
| Funds were disbursed in the following amounts: | | |
| | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 18,681.27 |
| Bank service fees | | 338.71 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| | | |
| Leaving a balance on hand of[1] | $ | 30,980.02 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was  12/30/2015  and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 5,750.00 .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 5,750.00 , for a total compensation of $ 5,750.00 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 9.22 , for total expenses of $ 9.22 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date: 02/20/2018                    By:/s/Peter N. Metrou, Trustee
                                         Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

| Case No: | 14-25957 | BWB | Judge: | Bruce W. Black | | Trustee Name: | Peter N. Metrou, Trustee |
|---|---|---|---|---|---|---|---|
| Case Name: | WINDY CITY KITCHEN INSTALLATIONS, I | | | | | Date Filed (f) or Converted (c): | 07/15/2014 (f) |
| | | | | | | 341(a) Meeting Date: | 08/25/2014 |
| For Period Ending: | 02/20/2018 | | | | | Claims Bar Date: | 12/30/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description<br>(Scheduled and Unscheduled (u) Property) | Petition/<br>Unscheduled<br>Values | Est Net Value<br>(Value Determined by<br>Trustee, Less Liens,<br>Exemptions,<br>and Other Costs) | Property Formally<br>Abandoned<br>OA=554(a) | Sale/Funds<br>Received by<br>the Estate | Asset Fully<br>Administered (FA)/<br>Gross Value of Remaining<br>Assets |
| 1.  Cash | 100.00 | 0.00 | | 0.00 | FA |
| 2.  Checking Account | 200.00 | 0.00 | | 0.00 | FA |
| 3.  Accounts Receivable -- over two years old | 8,964.97 | 0.00 | | 0.00 | FA |
| 4.  Used Dragun Plasma Metal Cutter | 200.00 | 0.00 | | 0.00 | FA |
| 5.  Used Plasma Metal Cutter | 300.00 | 0.00 | | 0.00 | FA |
| 6.  Used Computer | 200.00 | 0.00 | | 0.00 | FA |
| 7.  Fraudulent/preferential transfer (u) | 0.00 | Unknown | | 50,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $9,964.97 | $0.00 | | $50,000.00 | $0.00 |
|---|---|---|---|---|---|

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Motion to Employ Counsel granted on 12/5/2014 see Dkt# 16.  Motion to Employ Accountant granted on 4/15/2016 see Dkt# 23.  Adversary filed on 7/14/2016 regarding fraudulent transfers see Dkt# 24.  Adversary still pending 12-9-2016.  Final fee app for Counsel approved 8/4/2017.  Claims review 10/7/17.  Accountant working on tax returns 12/26/17.

Initial Projected Date of Final Report (TFR): 03/31/2015    Current Projected Date of Final Report (TFR): 03/30/2018

## FORM 2

### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: 14-25957 | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: WINDY CITY KITCHEN INSTALLATIONS, I | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5942 |
| | Checking |
| Taxpayer ID No: XX-XXX9824 | Blanket Bond (per case limit): $1,000,000.00 |
| For Period Ending: 02/20/2018 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 07/11/17 | 7 | Adelman & Gettleman, Ltd. 53 W. Jackson Blvd., Ste 1050 Chicago, IL 60604-3786 | Court Approved settlement See dckt# 31 | 1241-000 | $50,000.00 | | $50,000.00 |
| 08/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $50.34 | $49,949.66 |
| 08/07/17 | 1001 | FactorLaw 105 W. Madison, Suite 1500 Chicago, IL 60602 | Court Approved Attorneys fees and costs See Dckt# 33 | | | $18,668.10 | $31,281.56 |
| | | FactorLaw | ($18,075.00) | 3210-000 | | | |
| | | FactorLaw | ($593.10) | 3220-000 | | | |
| 09/08/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $59.93 | $31,221.63 |
| 10/06/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $44.93 | $31,176.70 |
| 11/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $46.35 | $31,130.35 |
| 12/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $44.79 | $31,085.56 |
| 01/08/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $46.22 | $31,039.34 |
| 02/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b) (1), and 507(a)(2) | 2600-000 | | $46.15 | $30,993.19 |
| 02/08/18 | 1002 | International Sureties Ltd. 701 Poydras Street Suite 420 New Orleans, LA 70139 | Bond Payment | 2300-000 | | $13.17 | $30,980.02 |

|  |  | COLUMN TOTALS | | | $50,000.00 | $19,019.98 | |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*

| | Page Subtotals: | | | | $50,000.00 | $19,019.98 | |

Exhibit B

| | | |
|---|---|---|
| Less: Bank Transfers/CDs | $0.00 | $0.00 |
| Subtotal | $50,000.00 | $19,019.98 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $50,000.00 | $19,019.98 |

Page Subtotals:                                    $0.00            $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5942 - Checking | $50,000.00 | $19,019.98 | $30,980.02 |
| | $50,000.00 | $19,019.98 | $30,980.02 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $50,000.00 |
| Total Gross Receipts: | $50,000.00 |

Exhibit C

## ANALYSIS OF CLAIMS REGISTER

Case Number: 1:14-25957-BWB                                                      Date: February 21, 2018

Debtor Name: WINDY CITY KITCHEN INSTALLATIONS,
I

Claims Bar Date: 12/30/2015

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100<br>2100 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $5,750.00 | $5,750.00 |
| 100<br>2200 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $9.22 | $9.22 |
| 100<br>3210 | FactorLaw<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $18,075.00 | $18,075.00 |
| 100<br>3220 | FactorLaw<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602 | Administrative<br>Payment Status:<br>Valid To Pay | See Dckt# 33 | $0.00 | $593.10 | $593.10 |
| 100<br>3420 | Kutchins Robbins & Diamond Ltd.<br>1101 Perimeter Drive<br>Suite 760<br>Schaumburg, IL 60173 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $1,020.00 | $1,020.00 |
| 1<br>280<br>5800 | SHEET METAL WORKERS<br>NATIONAL PENSION FUND<br>JENNINGS SIGMOND<br>PC/DAWN M COSTA ESQ<br>510 WALNUT STREET, 16TH<br>FLOOR<br>PHILADELPHIA, PA 19106 | Priority<br>Payment Status:<br>Valid To Pay | | $28,251.05 | $9,677.80 | $9,677.80 |
| 2<br>280<br>5800 | SHEET METAL WORKERS<br>INTERNATIONAL<br>MR FRANK MARCO<br>GREGORIO & ASSOCIATES<br>2 N LASALLE ST, STE 1650<br>CHICAGO, IL 60602 | Priority<br>Payment Status:<br>Valid To Pay | | $144,415.08 | $144,415.08 | $144,415.08 |
| 1<br>300<br>7100 | SHEET METAL WORKERS<br>NATIONAL PENSION FUND<br>JENNINGS SIGMOND<br>PC/DAWN M COSTA ESQ<br>510 WALNUT STREET, 16TH<br>FLOOR<br>PHILADELPHIA, PA 19106 | Unsecured<br>Payment Status:<br>Valid To Pay | | $28,251.05 | $27,027.81 | $27,027.81 |
| | Case Totals | | | $200,917.18 | $206,568.01 | $206,568.01 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Page 1                                                               Printed: February 21, 2018

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 14-25957
Case Name: WINDY CITY KITCHEN INSTALLATIONS, I
Trustee Name: Peter N. Metrou, Trustee

Balance on hand                                        $           30,980.02

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $       5,750.00 | $           0.00 | $       5,750.00 |
| Trustee Expenses: Peter N. Metrou | $           9.22 | $           0.00 | $           9.22 |
| Attorney for Trustee Fees: FactorLaw | $     18,075.00 | $     18,075.00 | $           0.00 |
| Attorney for Trustee Expenses: FactorLaw | $         593.10 | $         593.10 | $           0.00 |
| Accountant for Trustee Expenses: Kutchins Robbins & Diamond Ltd. | $       1,020.00 | $           0.00 | $       1,020.00 |

Total to be paid for chapter 7 administrative expenses      $           6,779.22

Remaining Balance                                          $          24,200.80

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 154,092.88  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | SHEET METAL WORKERS NATIONAL PENSION FUND | $ 9,677.80 | $ 0.00 | $ 1,519.93 |
| 2 | SHEET METAL WORKERS INTERNATIONAL | $ 144,415.08 | $ 0.00 | $ 22,680.87 |

Total to be paid to priority creditors $ 24,200.80

Remaining Balance $ 0.00


The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 27,027.81  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | SHEET METAL WORKERS NATIONAL PENSION FUND | $ 27,027.81 | $ 0.00 | $ 0.00 |

Total to be paid to timely general unsecured creditors $ 0.00

Remaining Balance $ 0.00


Tardily filed claims of general (unsecured) creditors totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00  have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be  0.0  percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE